# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SENTINEL INSURANCE COMPANY, LTD., individually and as subrogee for its insured, Vaughn Kearbey dba Vaughn Kearbey, DDS,<br><br>Plaintiff,<br><br>v.<br><br>THE HOME DEPOT, INC., a Delaware corporation; and DOES 1 - 20, inclusive,<br><br>Defendants. | Case No. 2:19-cv-01760-WBS-DMC<br><br>**STIPULATED PROTECTIVE ORDER** |

Plaintiff Sentinel Insurance Company and Defendants The Home Depot U.S.A., Inc. and Niagara Conservation Corporation, by and through their respective counsel of record, and hereinafter collectively referred to as "the Parties," hereby enter into this Stipulated Protective Order.

A.   PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The Parties

acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

The Parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Rules 140, 141 and 141.1 of the Local Rules of the United States District Court for the Eastern District of California ("Local Rules") set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

B.  **GOOD CAUSE STATEMENT**

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and that there is good cause why it should not be part of the public record of this case.

C.  **DEFINITIONS**

1.  <u>Action</u>.  *Sentinel Insurance Company, Ltd. v. The Home Depot U.S.A., Inc., et al.*, Case No. 2:19-cv-01760-WBS-DMC.

2.  <u>Challenging Party</u>.  A Party or Non-Party that challenges the designation of information or items under this Order.

3.  <u>"CONFIDENTIAL" Information or Items</u>.  Information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and specified above in the Good Cause Statement.

5.  <u>Counsel</u>.  Outside counsel of record and/or House Counsel (as well as their support staff).

6.  <u>Designating Party</u>.  A Party or nonparty that designates information or items that it produces in responses to discovery as "CONFIDENTIAL."

7.  <u>Disclosure of Discovery Material</u>.  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in responses to discovery in this matter.

8.  <u>Expert</u>.  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

9.  <u>House Counsel</u>.  Attorneys who are employees of a Party to this Action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

10. <u>Nonparty</u>.  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

11. <u>Outside Counsel of Record</u>.  Attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

12. <u>Party</u>.  Any Party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

13. <u>Producing Party</u>.  A Party or nonparty that produces Disclosure or Discovery Material in this Action.

14. <u>Professional Vendors</u>.  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and/or subcontractors.

15. <u>Protected Material</u>.  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

16. <u>Receiving Party</u>.  A Party that receives Disclosure or Discovery Material from a Producing Party.

D.   <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes a part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by separate agreement or order.

E.   DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

The Parties agree to be bound by the Stipulated Protective Order pending its approval and entry by the Court.  In the event that the Court modifies this Stipulated Protective Order, or in the event that the Court enters a different protective order, the Parties agree to be bound by this Stipulation and Protective Order until such a time as the Court may enter such a different Order.  It is the Parties' intent to be bound by the terms of this Stipulation and Protective Order pending its entry so as to allow for immediate production of CONFIDENTIAL Information or Items, Disclosure or Discovery Material, and/or Protected Material.

F.   DESIGNATED PROTECTED MATERIAL

1.   Exercise of Restraint and Care in Designating Material for Protection.

Each Party or nonparty that designates information or items for protection under this Order must take care to limit such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

1  If it comes to a Designating Party's attention that information or items that it designated
2  for protection do not qualify for protection, that Designating Party must promptly notify all other
3  Parties that he, she and/or it is withdrawing the mistaken designation.

4  2. <u>Manner and Timing of Designations</u>.

5  Except as otherwise provided in this Order (see, e.g., second paragraph of section F2(a)
6  below), or otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for
7  protection under this Order must be clearly so designated before the material is disclosed or
8  produced. Designation in conformity with this Order requires:

9  (a) for information in documentary form (e.g., paper or electronic documents, but
10 excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party
11 affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a
12 portion or portions of the material on a page qualifies for protection, the Producing Party also must
13 clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). A
14 Party or nonparty that makes original documents or materials available for inspection need not
15 designate them for protection until after the inspecting Party has indicated which material it would
16 like copied and produced. During the inspection and before the designation, all of the material
17 made available for inspection shall be deemed "CONFIDENTIAL" legend to each page that
18 contains Protected Material. If only a portion or portions of the material on a page qualifies for
19 protection, the Producing Party must also clearly identify the protected portion(s) (e.g., by making
20 appropriate markings in the margins).

21 (b) for testimony given in deposition or in other pretrial or trial proceedings, that the
22 Designating Party identify on the record, before the close of the deposition, hearing, or other
23 proceeding, all protected testimony.

24 (c) for information produced in some form other than documentary and for any other
25 tangible items, that the Producing Party affix in a prominent place on the exterior of the container
26 or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a
27 portion or portions of the information or item warrant protection, the Producing Party, to the
28 extent practicable, shall identify the protected portion(s).

     3.     <u>Inadvertent Failures to Designate</u>.

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of the designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

     G.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

     1.     <u>Timing of Challenges</u>.

Any Party or nonparty may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

     2.     <u>Meet and Confer</u>.

The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation he, she and/or it is challenging and describing the basis for each challenge. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly – via telephone and/or written communication – within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participated in the meet and confer process in a timely manner.

3. <u>Judicial Intervention</u>.

If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality pursuant to FRCP Rule 37 and Local Rule 251 of the Local Rules within 21 days of the initial notice of challenge or within 14 days of the Parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and by FRCP Rule 37 and Local Rule 251.  Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation.  In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph, and must comply with FRCP Rule 37 and Local Rule 251.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

H. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

1. <u>Basic Principles</u>.

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a nonparty in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons

and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section N below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

2. <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.

Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) The Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) Court reporters, their staffs, and professional vendors to whom disclosure is reasonable necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(g) the author of the document or the original source of the information.

I. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designated Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

J. **A NONPARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

1. The terms of this Order are applicable to information produced by a nonparty in this action and designated as "CONFIDENTIAL." Such information produced by nonparties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a nonparty from seeking additional protections.

2.	In the event that a Party is required, by a valid discovery request, to produce a nonparty's confidential information in her and/or its possession, and the Party is subject to an agreement with the nonparty not to produce the nonparty's confidential information, then the Party shall:

(a)	promptly notify in writing the Requesting Party and the nonparty that some or all of the information requested is subject to a confidentiality agreement with a nonparty;

(b)	promptly providing the nonparty with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c)	make the information requested available for inspection by the nonparty.

3.	If the nonparty fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the nonparty's confidential information responsive to the discovery request.  If the nonparty timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the nonparty before a determination by the Court.  Absent a court order to the contrary, the nonparty shall bear the burden and expense of seeking protection in this court of its Protected Material.

K.	**UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A.

L.  **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Party that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Party are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in the Stipulated Protective Order submitted to the Court.

M.  **MISCELLANEOUS**

1.  **Right to Further Relief**.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

2.  **Right to Assert Other Objections**.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

3.  **Filing Protected Material**.  A Party that seeks to file under seal any Protected Material must comply with Local Rules 141 and 141.5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

N.  **FINAL DISPOSITION**

After the final disposition of this Action, as defined in Section E, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material

to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motions papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section E (DURATION).

O.  **VIOLATIONS**

Any violations of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED.**

Dated: February 23, 2021           HAIGHT BROWN & BONESTEEL LLP


By:   /s/ Valerie A. Moore
      Valerie A. Moore
      Kristian Moriarty
      Attorneys for Defendants
      THE HOME DEPOT U.S.A., INC. (erroneously sued herein as "The Home Depot, Inc.") and
      NIAGARA CONSERVATION CORPORATION

| | |
|---|---|
| Dated: February 23, 2021 | BAUMAN LOEWE WITT & MAXWELL, PLLC |
| | By: /s/ Matthew Delinko |
| | Matthew Delinko |
| | Attorney for Plaintiff, |
| | SENTINEL INSURANCE COMPANY, LTD. |

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: April 7, 2021

_____

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California, Eastern Division, on _____ [date] in the case of *Sentinel Insurance Company, Ltd. v. The Home Depot U.S.A., Inc., et al.*, Case No. 2:19-cv-01760-WBS-DMC.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____